# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE D. McCLEARY, III,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:06-CV-836-DDN |
| **JEFFREY ROBERTSON and DAVID C. MOBLEY,** | ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of George D. McCleary, III, for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28

U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $32.37 and an average monthly account balance of $0.00. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.47, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

## The complaint

Plaintiff, an inmate at Lincoln County Jail, seeks monetary and declaratory relief pursuant to 42 U.S.C. § 1983. Named as defendants are Jeffrey Robertson, attorney at law, and David C. Mobley, a state court judge.

Plaintiff alleges that defendant Robertson accepted both plaintiff and his co-defendant

as clients, knowing that this would constitute a conflict of interest and misleading them regarding such conflict. Plaintiff states that, in February, 2005, defendant Robertson took $3,600.00 in legal fees as payment in full unless the case went to trial. Plaintiff states that, on July 28, 2005, defendant Robertson moved to withdraw as counsel, and defendant Mobley granted said motion without notice to plaintiff. Plaintiff alleges that defendant Mobley refused to appoint a public defender for him until December 1, 2005.

## Discussion

### A. Defendant Robertson

To state a § 1983 claim, plaintiff must first establish that a person acting under color of state law committed the actions which form the basis of his complaint. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 328 (1986).

The conduct of defendant Robertson in representing plaintiff in his criminal case and then withdrawing does not constitute action under color of state law for purposes of § 1983. *See Harkins v. Eldredge*, 505 F.2d 802, 803 (8th Cir. 1974) (per curiam) (conduct of counsel, either retained or appointed, in representing client does not constitute action under color of state law). Because this defendant is not a state actor, plaintiff's § 1983 claims against him fail.[1]

### B. Defendant Mobley

Defendant Mobley, who is a state court judge, is absolutely immune from liability for damages under § 1983 because any alleged wrongdoings were performed within his judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Therefore, the Court will dismiss the complaint as to this defendant.

---

[1]The Court makes no findings as to whether plaintiff may have a viable claim under state law.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.47 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because it is legally frivolous or fails to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 5th day of July, 2006.

_____
**UNITED STATES DISTRICT JUDGE**